## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                          1:20-cr-708-KWR

ANTHONY BUNTYN,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Indictment Counts 1 and 2, filed August 5, 2020 **(Doc. 24)**.  Having reviewed the parties' pleadings and exhibits, the Court finds that Defendant's motion is not well-taken and, therefore, is **DENIED**.

### BACKGROUND

On February 26, 2020, the Grand Jury returned an indictment charging Defendant with three counts for allegedly abusing detainees in his care while working as a private prison transport officer for Prisoner Transportation Services of America (PTS), in violation of 18 U.S.C. § 242 and 18 § U.S.C. 1512(b)(3). **Doc. 2.**

The relevant counts of the indictment provide:

#### Count 1

On or about March 26, 2017, in Socorro County, in the District of New Mexico, the defendant, ANTHONY BUNTYN, while acting under color of law, willfully deprived detainee W.Y. of the right, secured and protected by the Constitution and laws of the United States, to be free from deprivation of liberty without due process of law, which includes the right to be free from unreasonable force from a prisoner transport officer. Specifically, Defendant ANTHONY BUNTYN repeatedly tased detainee W.Y., without legal justification, while W.Y. was handcuffed. This

offense involved the use of a dangerous weapon and resulted in bodily injury to W.Y.

In violation of 18 U.S.C. § 242.

### Count 2

On or about March 26, 2017, in Socorro County, in the District of New Mexico, and elsewhere, the defendant, ANTHONY BUNTYN, while acting under color of law, willfully deprived detainees, including detainees A.S., W.Y., S.K., and J.P., and other detainees being transported in the PTS van, of the right, secured and protected by the Constitution and laws of the United States, to be free from deprivation of liberty without due process of law, which includes the right to be free from a prison transport officer's deliberate indifference to conditions of confinement that pose a substantial risk of serious harm to detainee health or safety. This offense resulted in bodily injury to detainees A.S., W.Y., S.K., and J.P.

In violation of 18 U.S.C. § 242.[1]

*Id.*

## DISCUSSION

### The Parties' Assertions

Defendant moves to dismiss Counts 1 and 2 of the indictment asserting that the acts alleged as the basis for Counts 1 and 2 "under color of law" do not fall within the parameters of 18 U.S.C. § 242. **Doc. 24 at 4.** Specifically, Defendant argues that although the indictment states generally that PTS contracts with local jails throughout the country, Count 1 is fatally flawed, "as a matter of statutory interpretation," because it fails to allege that Cherokee County, Georgia, the county to which one of the allegedly abused detainees was being extradited, contracted with PTS. *Id.* **at 5.** Defendant contends that Count 2 similarly fails because it does not allege a contractual relationship with any other state or local governments. *Id.* ("The patina of generality in the indictment belies the critical allegation missing from that indictment---that PTS had a contract with a state or local government and fails to detail the provisions of that contract that apply to the allegations in this case.").

---

[1] Defendant has not contested the validity of Count 3, which the Court has therefore excluded.

The United States' argument in response is largely that the indictment alleges –the necessary elements, including that the Defendant acted under "color of law," and that Defendant attacks not the sufficiency of the indictment but rather prematurely contests the sufficiency of the evidence. **Doc. 27 at 1.** The Court agrees.

## I.      The Indictment is Sufficient to Apprise Defendant of the Essential Elements

Defendant argues that the indictment is insufficient because it omits an element of the crime charged.  Pursuant to Federal Rule of Criminal Procedure 12(b)(3), a motion may raise "a defect in the indictment or information, including . . . failure to state an offense." *Id*. at 12(b)(3)(B)(v).

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)).  If those three standards are met, then the indictment "need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Doe*, 572 F.3d 1162, 1173–74 (10th Cir. 2009) (quoting *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008)). The indictment need only "quote[ ] the language of a statute and include[ ] the date, place, and nature of illegal activity." *Id.*; *Hamling v. United States*, 418 U.S. 87, 117–18, 94 S. Ct. 2887, 2907–08, 41 L. Ed. 2d 590 (1974) ("Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.")(internal citations omitted); Fed. R. Crim. P. Rule 7 ("The indictment or information

must be a plain, concise, and definite written statement of the essential facts constituting the offense charged…").

Section 242 criminalizes conduct when an individual acts willfully and under color of state law to deprive a person of rights protected by Constitution or the laws of United States. 18 U.S.C. § 242; *United States v. Lanier*, 520 U.S. 259, 264, 117 S. Ct. 1219, 1224, 137 L. Ed. 2d 432 (1997). It is well-settled that a private actor can act under color of state law in the context of state delegated prison work:

> …[P]ersons to whom the state delegates its penological functions, which include the custody and supervision of prisoners, can be held liable for violations of the Eighth Amendment. *Cf. Evans v. Newton,* 382 U.S. 296, 299, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966) ("[W]hen private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations."); *West v. Atkins,* 487 U.S. 42, 57, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (holding that a private doctor treating prisoners under a contract with state prison authorities acted under color of state law for purposes of § 1983 suit alleging Eighth Amendment violation)

*Smith v. Cochran*, 339 F.3d 1205, 1216 (10th Cir. 2003).

The Court finds that the indictment sufficiently apprises Defendant that he is charged with violating § 242 under color of state law. The Court is unconvinced by Defendant's position that the indictment must include language to the effect that PTS contracted with the prison jurisdictions to which Defendant was transporting the prisoners or "detail the provisions of that contract that apply to the allegations in this case" **(Doc. 24 at 5)** to establish that he was acting under color of state law. *United States v. Gama-Bastidas*, 222 F.3d 779, 785 (10th Cir. 2000) (quoting *United States v. Fitzgerald,* 89 F.3d 218, 222 (5th Cir.1996)) ("The test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards.").

4

The indictment provides that while working for PTS, Defendant, *under color of law*, *willfully* deprived detainees he was transporting of rights secured by the Constitution of the United States when he allegedly tased a handcuffed detainee repeatedly without justification (Count 1) and acted with deliberate indifference to detainees' conditions of confinement resulting in bodily injuries (Count 2). **Doc. 2.** The Court concludes the indictment sufficiently states the requisite elements. Moreover, the indictment tracks the language of § 242. Under these circumstances, there is no question that Defendant was apprised of the crimes charged against him and the elements of those crimes.

The Court notes that the cases relied upon by Defendants, such as *Gwynn v. TransCor Am., Inc.*, 26 F. Supp. 2d 1256 (D. Colo. 1998), are non-binding and, although they address what constitutes private party conduct equating to acting under color of state law, do not convince the Court that "the absence of any such allegation in the indictment renders that indictment fatally insufficient." **Doc. 24 at 8.** Defendant's ensuing argument that "Should no contract exist, then there would be no basis on which to conclude that [Defendant] acted under the color of law" **(Doc. 28 at 4)** may be true, but the Court construes that argument as evidentiary and not appropriately addressed at the pre-trial stage. *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion. An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true. Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency.") (internal citations omitted). Accordingly, the Court is satisfied that the indictment includes the requisite elements sufficient to defeat Defendant's argument.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment (**Doc. 24**) is **DENIED** for reasons described in this Memorandum Opinion and Order.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE