# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                    1:20-cr-708-KWR

ANTHONY BUNTYN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Indictment Counts 1 and 2, filed September 16, 2020. **Doc. 29**. Having reviewed the parties' pleadings and exhibits, the Court finds that Defendant's motion is not well-taken and, therefore, is **DENIED**.

## BACKGROUND AND PROCEDURAL HISTORY

    Defendant filed three motions to dismiss Counts 1 and 2 of the indictment, the first on August 5, 2020 (**Doc. 24)**, the second and third on September 16, 2020. **Docs. 29 and 30.** On December 3, 2020, the Court denied Defendant's first motion to dismiss. The Court now turns to Defendant's second motion to dismiss.

    On February 26, 2020, the Grand Jury returned an indictment charging Defendant with three counts for allegedly abusing detainees in his care while working as a private prison transport officer for Prisoner Transportation Services of America (PTS), in violation of 18 U.S.C. § 242 and 18 § U.S.C. 1512(b)(3). **Doc. 2.**

    The relevant counts of the indictment provide:

> **Count 1**
> On or about March 26, 2017, in Socorro County, in the District of New Mexico, the defendant, ANTHONY BUNTYN, while acting under color of law, willfully deprived detainee W.Y. of the right, secured and protected by the Constitution and laws of the United States, to be free from deprivation of liberty without due process of law, which includes the right to be free from unreasonable force from a prisoner transport officer. Specifically, Defendant ANTHONY BUNTYN repeatedly tased detainee W.Y., without legal justification, while W.Y. was handcuffed. This offense involved the use of a dangerous weapon and resulted in bodily injury to W.Y.
> In violation of 18 U.S.C. § 242.
>
> **Count 2**
> On or about March 26, 2017, in Socorro County, in the District of New Mexico, and elsewhere, the defendant, ANTHONY BUNTYN, while acting under color of law, willfully deprived detainees, including detainees A.S., W.Y., S.K., and J.P., and other detainees being transported in the PTS van, of the right, secured and protected by the Constitution and laws of the United States, to be free from deprivation of liberty without due process of law, which includes the right to be free from a prison transport officer's deliberate indifference to conditions of confinement that pose a substantial risk of serious harm to detainee health or safety. This offense resulted in bodily injury to detainees A.S., W.Y., S.K., and J.P.
> In violation of 18 U.S.C. § 242.[1]

*Id.*

### DISCUSSION

**The Parties' Assertions**

Defendant moves a second time to dismiss Counts 1 and 2 of the indictment, asserting that 18 U.S.C. § 242 is unconstitutionally vague, and alternatively that the allegedly criminal acts committed by Defendant do not violate clearly established law and thus are not "cognizable violation[s]" under § 242. **Doc. 29 at 1-2.** Specifically, Defendant first argues that the statute is unconstitutionally vague because it does not provide clear notice of what conduct is prohibited. Second, Defendant posits that Justice Douglas' reasoning in the seminal case *Screws v. United States* (325 U.S. 91, 92, 65 S. Ct. 1031, 1031, 89 L. Ed. 1495 (1945)), discussing the "willfulness"

---

[1] Defendant has not contested the validity of Count 3, which the Court has therefore excluded.

requirement of § 242, purportedly seeking to "rescue" the statute from unconstitutionality, violates the non-delegation doctrine. *Id*. **at 8-9.** ("…[I]n an effort to avoid a vagueness problem, [impermissibly] leaves to the courts the job of setting the parameters of what acts fall within the purview of the statute.").

In the alternative, Defendant argues that even under the government's view of the evidence, "the use of an electronic taser and the creation of allegedly unsanitary conditions of confinement do not constitute a deprivation of liberty under any established case law," and thus, Defendant was not provided with fair notice that his conduct was a violation under § 242. *Id*. **at 2-3, 12.**

The United States' counters in response that it is well-established by the Supreme Court and other jurisdictions that § 242 is constitutional, not vague, and that the due process rights violations allegedly committed by Defendant are clearly established. **Doc. 33 at 1-2**. Defendant's reply largely argues that the United States has misconstrued the difference between a right being clearly established and the requisite standard, which is that prior precedent must put a defendant on notice that his or her specific conduct violates a clearly established right. **Doc. 39 at 1.** Defendant contends that the United States fails to provide any case that would notify Defendant that "his *conduct* in tasing a non-compliant, handcuffed detainee, in order to ensure compliance with commands, violates the established right to be free from unreasonable force." *Id*. **at 3.**

## I.      The Void for Vagueness Doctrine

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Corrow*, 119 F.3d 796, 802 (10th Cir. 1997) (quoting *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)). This generally raises concerns of fair notice and adequate enforcement standards. *United States v. Gaudreau*, 860 F.2d 357, 359 (10th Cir. 1988).

While acknowledging that the United States Supreme Court in *Screws* rejected a challenge of unconstitutionality against § 242, Defendant urges this Court to "re-examine" that decision in light of more recent Supreme Court decisions addressing the vagueness doctrine. **Doc. 29 at 4-5.**

### § 242 is not Unconstitutionally Vague

The thrust of Defendant's vagueness argument is two-fold. First, Defendant claims that § 242 is unconstitutionally vague because the wording of the statute leaves interpretation of applicable conduct up to the vagaries of the prosecution. *Id*. **at 5** ("… [The] fuzzy, indefinite, vague language of the statute is left to find its interpretive scope in the political whims of prosecutors. Such a statute can never comport with due process."). Defendant posits that the statute fails to provide clear notice as to what conduct is prohibited. *Id*. **at 8.** Focusing on Justice Douglas' reasoning in *Screws*, Defendant's second argument claims that the inherent vagueness of the statute violates the non-delegation doctrine because it requires the judiciary to invade the province of Congress to determine exactly what conduct falls within the statute's parameters. *Id*. **at 10** ("Justice Douglas' opinion, grafted onto § 242 an "intent to deprive a person of a right which has been made specific either by the express terms of the Constitution or laws of the United States *or by decisions interpreting them*." *Id.* In doing so, § 242 unconstitutionally delegates to the courts the role of defining the acts that fall within its purview."). The Court disagrees.

In support of his position that § 242 should be invalidated for vagueness, Defendant quotes *Johnson v. United States* (576 U.S. 591, 597 (2015)) ("We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."). However, the *Johnson* Court ruling has no bearing on the instant statute; it nullified the residual clause of the Armed Career Criminal Act (18 U.S.C. § 924) concerning the definition of a "violent felony." *Id*. at 605 ("Here, the experience of the

4

federal courts leaves no doubt about the unavoidable uncertainty and arbitrariness of adjudication under the residual clause."). The Court rejects Defendant's reasoning that because in some instances the Supreme Court will "reconsider its precedent when it becomes impractical in application," (**Doc. 35 at 10)** as it did in *Johnson*, the Court should do so with § 242. Defendant's arguments are not novel, and the government is correct that § 242 has repeatedly been upheld as constitutional by both the Supreme Court, in *United States v. Lanier* (520 U.S. 259 (1997)), as well as courts of other jurisdiction:

> We applied this standard in *Screws v. United States,* 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), which recognized that the expansive language of due process that provides a basis for judicial review is, when incorporated by reference into § 242, generally ill suited to the far different task of giving fair warning about the scope of criminal liability. The *Screws* plurality identified the affront to the warning requirement posed by employing § 242 to place "the accused ... on trial for an offense, the nature of which the statute does not define and hence of which it gives no warning." At the same time, the same Justices recognized that this constitutional difficulty does not arise when the accused is charged with violating a "right which has been made specific either by the express terms of the Constitution or laws of the United States or by decisions interpreting them." When broad constitutional requirements have been "made specific" by the text or settled interpretations, willful violators "certainly are in no position to say that they had no adequate advance notice that they would be visited with punishment.... [T]hey are not punished for violating an unknowable something." Accordingly, *Screws* limited the statute's coverage to rights fairly warned of, having been "made specific" by the time of the charged conduct.

*Id*. at 267 (internal citation omitted).

The Court is further persuaded by the government's citation to the Fifth Circuit and other district courts involving substantially similar issues resulting in the same outcome, and notes that Defendant has neither acknowledged the applicability of those cases nor provided countervailing ones. *See United States v. Teel*, 299 Fed. Appx. 387, 389 (5th Cir. 2008) ("Teel's assertion that 18 U.S.C. § 242 is unconstitutionally vague is unmeritorious. The facial constitutionality of § 242 was settled long ago, *Screws v. United States,* 325 U.S. 91, 103-04, 65 S.Ct. 1031, 1036-37, 89

L.Ed. 1495 (1945), as was the statute's application to the right to be free from excessive force under color of law, *see United States v. Stokes,* 506 F.2d 771, 776 (5th Cir.1975) (construing § 242 to encompass a due process right to be free from unreasonable, unnecessary, or unprovoked force by state actors). In light of this precedent, Teel cannot demonstrate that he lacked fair notice that beating a restrained inmate to death would be unlawful under the Constitution and, hence, subject to criminal liability under § 242."); *United States v. McCoy*, 2016 WL 1248743, at *12 (E.D. Ky. Mar. 29, 2016) (rejecting a void for vagueness argument pursuant to *Screws*); *United States v. Peterson*, 2015 WL 8793799, at *3 (D. Neb. Nov. 23, 2015), *report and recommendation adopted, United States v. Peterson*, 2015 WL 8770013 (D. Neb. Dec. 14, 2015). Accordingly, the Court rejects Defendant's argument that § 242 is unconstitutionally vague.

Similarly, the Court is unconvinced by Defendant's tenuous argument that the statute violates the non-delegation doctrine in purportedly leaving to the courts the job of interpreting what conduct falls within the statute. **Doc. 29 at 9.** The Court agrees with the United States that Defendant's argument, set forth mostly as an attack on Justice Douglas' reasoning in *Screws* (***Id.* at 9-10)**, essentially amounts to "a challenge to the very notion of judicial review," and is without merit. **Doc. 33 at 5.**

### Defendant's Alternative Argument that his actions did not violate Clearly Established Law is Denied.

Relying on *United States v. Lanier*, 520 U.S. 259 (1997), a case actually upholding the constitutionality of § 242, Defendant argues in the alternative that his conduct did not violate clearly established law and that he was not provided "fair warning" because there is no apposite case that would "disclose" his action to be within the scope of § 242. **Doc. 29 at 12.**

First, the Court finds problematic Defendant's continual reliance upon his own version of the facts when he avers that under the Due Process clause no prior judicial decisions give notice

6

that his conduct was within the scope of the statute. Defendant ties his legal arguments to the assertion that his conduct was "perfectly reasonable" when he tased the inmate whom, he alleges, was resisting his commands and refusing to return to the transport van. **Doc. 29 at 10, 15; Doc. 35 at 3**. Likewise, the caselaw Defendant cites, such as *Youngquist v. Bd. of County Commissioners for Curry County, New Mexico* (2016 WL 9725196 (D.N.M. Dec. 13, 2016)), hinges upon the Court accepting his version of the facts.[2] Here, however Defendant's rendition is not what is alleged in the indictment before this Court.  Defendant may certainly present at trial his version of what transpired, but the Court will not conduct a review of purported facts outside of the indictment, particularly disputed facts, at the pre-trial stage in a motion to dismiss. *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) ("If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial.") (emphasis in original). The Court will only do so in very limited of circumstances which are not applicable here. *Id*. at 1260 ("…[We] have held, courts may entertain even motions to dismiss that require resort to facts outside the indictment and bearing on the general issue in the 'limited circumstances' where '[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts,' and [3] the district court can determine from them that, '*as a matter of law,* the government is incapable of proving its case beyond a reasonable doubt.' *United States v. Hall,* 20 F.3d 1084, 1088 (10th Cir.1994)…[D]ismissals under this latter rubric are the 'rare exception.'") (emphasis in original).

---

[2] In *Youngquist*, the Court granted defendant's motion for summary judgment on the basis of qualified immunity, finding that the plaintiff "failed to carry her burden to show that the law clearly established that using a Taser against a target who refused to obey verbal commands [of detention officers] and resisted less forceful attempts to induce compliance constituted excessive force." *Id*. at *6. The Court emphasized this was decision was warranted "*in this circumstance*." *Id*. at 5 (emphasis in original).

As the Court explained in its prior Memorandum and Opinion Order denying Defendant's Motion to Dismiss the same counts for insufficiency of the indictment (**Doc. 24**), the Court will not engage in such an analysis at the pre-trial stage. *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion. An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true. Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency.") (internal citations omitted). In advocating his position Defendant once again runs afoul of contesting evidence and arguing the relative strength of the government's case from his perspective.

### **The Rights Defendant is Charged with Violating are Clearly Established**

Defendant's relies upon *Lanier* for the proposition that his alleged actions did not violate clearly established law and that he was not provided with fair warning that his conduct fell within the parameters of § 242. That reliance is misplaced.

In *Lanier*, the Supreme Court discussed what constitutes fair warning:

> The ... principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed. There are three related manifestations of the fair warning requirement. First, the vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. Second, as a sort of junior version of the vagueness doctrine, the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered. Third, although clarity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute, due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope. In each of these guises, the touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal.

*United States v. Lanier*, 520 U.S. 259, 265–67 (1997) (internal citations and quotations omitted).

The Supreme Court further explained that in determining whether a right was clearly established, the precedent relied upon need not have substantially similar facts to notify a defendant that the relevant conduct was a violation. *Id***. at 269** ("Nor have our decisions demanded precedents that applied the right at issue to a factual situation that is 'fundamentally similar' at the level of specificity meant by the Sixth Circuit in using that phrase. To the contrary, we have upheld convictions under § 241 or § 242 despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights."). The Supreme Court likened the fair warning requirement to qualified immunity in the civil context. *Id***. at 270.** ("So conceived, the object of the 'clearly established' immunity standard is not different from that of 'fair warning' as it relates to law 'made specific' for the purpose of validly applying § 242. The fact that one has a civil and the other a criminal law role is of no significance; both serve the same objective…").

Here, the United States has provided ample caselaw demonstrating the rights at issue were clearly established such that Defendant cannot say he was not on notice that his alleged conduct in the indictment, such as the unreasonable use of a taser (Count 1), may constitute excessive force. *See Casey v. City of Fed. Heights*, 509 F.3d 1278, 1286 (10th Cir. 2007) (finding use of a taser unreasonable when the record established the plaintiff was not violent and had been provided any warning prior to the tasing); *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 665 (10th Cir. 2010) (citing *Casey,* holding that an officer's use of a taser under the circumstances was "objectively unreasonable"); *Estate of Booker v. Gomez*, 745 F.3d 405, 428–29 (10th Cir. 2014) (concluding that the defendants were on notice that use of force, including a taser, "on a person who is not resisting and who is restrained in handcuffs is disproportionate" violated detainee's constitutional

right.).[3] Defendant's efforts in reply to distinguish those cases as not representing clearly established law fail particularly because Defendant's position requires the Court's acceptance of his alleged version of the facts.

Similarly, a detainee's constitutional right to be free from an officer's deliberate indifference to conditions of confinement posing a substantial risk of serious harm to health or safety is clearly established. *See Bainum v. Sedgwick County Commissioners*, 27 Fed. Appx. 965, 968–69 (10th Cir. 2001) ("While the conditions under which a prisoner is held are subject to scrutiny under the Eighth Amendment, the conditions under which a pretrial detainee is confined are scrutinized under the Due Process Clauses of the Fifth and Fourteenth Amendments…The Eighth Amendment requires jail officials "to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety) (internal citation omitted); *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (Prison officials acting with "deliberate indifference to inmate health and safety" may violate the Eighth Amendment; *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (plaintiff's allegations of abuse while being transported between prisons sufficiently alleged facts to establish a possible Eighth Amendment violation); *Allen v. Avance*, 491 Fed. Appx. 1, 4 (10th Cir. 2012).

Notably, as the United States points out, Defendant argues that he is not on notice of what alleged conduct violated detainees' constitutional rights with respect to Count 2, yet in his third motion to dismiss the indictment, filed on the same day, Defendant prefaces his brief by stating, "Specifically, the discovery provided by the government references inmate complaints that Mr. Buntyn and the other PTS officer failed to provide the inmates with sufficient restroom breaks or

---

[3] The United States also cited apposite caselaw from the 5th, 6th, and 8th Circuit Courts. **Doc. 33 at 7-8.** The Court deems it unnecessary to include those citations but notes they yield a similar conclusion.

food, that the van was dirty and at times overcrowded, and that the officers failed to provide necessary medical care." **Doc. 30 at 2.** Thus, it would appear Defendant is in fact aware of the conduct at issue. Nevertheless, the Court concludes that the language charged in the indictment is sufficient on its own to survive the motion to dismiss.

Defendant next seeks to distinguish the factual background of cases cited by the government because, in this action, "[he] was operating a prisoner transport, the circumstances of which required him to keep the passengers in the van for long periods as they completed their ordered route, allowed him to stop only at secure jail facilities for prisoner bathroom breaks, and required him to purchase meals as instructed and approved through the transport company." **Doc. 35 at 8**. Defendant faults the United States for failing to discuss the factual circumstances behind its citations as well as those of the instant action. *Id.* **at 9.** However, as the Court has previously stated, Defendant seeks to hold the indictment to a higher level of specificity than is required at the pretrial stage and seeks impermissibly to contest the strength of the evidence.

With respect to Count 2, the Court similarly concludes that Defendant cannot say he was not on notice that his alleged conduct fell within the parameters of constitutionally protected and clearly established rights. Accordingly, Defendant's second motion to dismiss the indictment is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment (**Doc. 29**) is **DENIED** for reasons described in this Memorandum Opinion and Order.



KEA W. RIGGS
UNITED STATES DISTRICT JUDGE