IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                            1:20-cr-708-KWR

ANTHONY BUNTYN,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendant's third Motion to Dismiss Indictment Counts 1 and 2, filed September 16, 2020. **Doc. 30**. Having reviewed the parties' pleadings and exhibits, the Court finds that Defendant's motion is not well-taken and, therefore, is **DENIED**.

**BACKGROUND AND PROCEDURAL HISTORY**

Defendant filed three motions to dismiss Counts 1 and 2 of the indictment, the first on August 5, 2020 (**Doc. 24**), the second and third on September 16, 2020. **Docs. 29 and 30.** On December 3 and December 12, 2020 the Court denied Defendant's first and second motions to dismiss. **Docs. 39 and 40.**

On February 26, 2020, the Grand Jury returned an indictment charging Defendant with three counts for allegedly abusing detainees in his care while working as a private prison transport officer for Prisoner Transportation Services of America (PTS), in violation of 18 U.S.C. § 242 and 18 § U.S.C. 1512(b)(3). **Doc. 2.**

The relevant counts of the indictment provide:

**Count 1**

On or about March 26, 2017, in Socorro County, in the District of New Mexico, the defendant, ANTHONY BUNTYN, while acting under color of law, willfully deprived detainee W.Y. of the right, secured and protected by the Constitution and laws of the United States, to be free from deprivation of liberty without due process of law, which includes the right to be free from unreasonable force from a prisoner transport officer. Specifically, Defendant ANTHONY BUNTYN repeatedly tased detainee W.Y., without legal justification, while W.Y. was handcuffed. This offense involved the use of a dangerous weapon and resulted in bodily injury to W.Y.
In violation of 18 U.S.C. § 242.

**Count 2**

On or about March 26, 2017, in Socorro County, in the District of New Mexico, and elsewhere, the defendant, ANTHONY BUNTYN, while acting under color of law, willfully deprived detainees, including detainees A.S., W.Y., S.K., and J.P., and other detainees being transported in the PTS van, of the right, secured and protected by the Constitution and laws of the United States, to be free from deprivation of liberty without due process of law, which includes the right to be free from a prison transport officer's deliberate indifference to conditions of confinement that pose a substantial risk of serious harm to detainee health or safety. This offense resulted in bodily injury to detainees A.S., W.Y., S.K., and J.P.
In violation of 18 U.S.C. § 242.[1]

*Id*.

## DISCUSSION

**The Parties' Assertions**

Defendant now moves a third time to dismiss Counts 1 and 2 of the indictment for failure to allege a required element of § 242, "because the indictment fails to allege that [Defendant] undertook the alleged actions against [alleged victim] W.Y. (Count 1), and [alleged victims] A.S., W.Y., S.K., and J.P. (Count 2) "on account of [W.Y., A.S., S.K., or J.P.] being an alien, or by reason of [their] color, or race …." **Doc. 30 at 1.**

Defendant attempts to preempt the United States' response, positing that the Supreme Court in *United States v. Classic*, 313 U.S. 299 (1941), a case which appears to contradict

---

[1] Defendant has not contested the validity of Count 3, which the Court has therefore excluded.

Defendant's contention, failed to appropriately consider the legislative history of the statute. *Id*. at 6.

The United States' contends that, despite Defendant's protestation to the contrary, *Classic* definitively provided that the statutory language of § 242 is split into two distinct offenses and does not require that the elements of both be alleged to constitute a violation under the statute. **Doc. 34 at 2**. The United States bolsters its position by citing Supreme Court and multiple Circuit Court decisions affirming that one may violate § 242 "without acting on account of alienage, color, or race." *Id.* **at 3.** Defendant has not issued a reply.

I.      **<u>Binding Precedent Demonstrates that § 242 is Composed of Two Distinct Offenses</u>**

18 U.S.C. § 242 provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Defendant details the legislative history of § 242's predecessor, § 52, which is largely identical, arguing that the language of the statute differed at the time *Classic* was decided, noting that, "There [was] no comma separating the clause 'or to different punishment, pains, or penalties' and the modifier 'on account of such person being an alien, or by reason of his color or race.'" **Doc. 30 at 6-7.** Defendant proffers that in the current version of § 242, enacted after *Classic*,

Congress deliberately "inserted a comma between the clauses 'or to different punishments, pains, or penalties' and 'on account of such inhabitant being an alien, or by reason of his color, or race' with the intent that " 'on account of such inhabitant being an alien, or by reason of his color, or race' applies to both prohibitions in the statute – deprivation of civil rights and disparate punishment." *Id*. **at 7-8.**  Defendant does not cite to any caselaw post-*Classic* supporting this proposition.[2]

### **Classic and Recent Caselaw Foreclose Defendant's Argument**

Binding Supreme Court and Court of Appeals precedent make it clear that § 242 does not require an indictment include that a defendant took action against an alleged victim on the basis of the victim's alienage, color, or race. Here, having alleged that Defendant acted under color of law, willfully depriving detainees' of a constitutionally protected right, the United States need not have included that said deprivation occurred due to their alienage, color, or race.

In *Classic*, the Supreme Court discussed § 242 predecessor's statute:

> The last clause of [the statute] protects inhabitants of a state from being subjected to different punishments, pains or penalties by reason of alienage, color or race, than are prescribed for the punishment of citizens. That the qualification with respect to alienage, color and race, refers only to differences in punishment and not to deprivations of any rights or privileges secured by the Constitution, is evidenced by the structure of the section and the necessities of the practical application of its provisions. The qualification as to alienage, color and race, is a parenthetical phrase in the clause penalizing different punishments 'than are prescribed for * * * citizens' and in the common use of language could refer only to the subject matter of the clause and not to that of the earlier one relating to the deprivation of rights to which it makes no reference in terms.
>
> Moreover the prohibited differences of punishment on account of alienage, color or race, are those referable to prescribed punishments which are to be compared with those prescribed for citizens. A standard is thus set up applicable to differences in prescribed punishments on account of alienage, color or race, which it would be difficult if not impossible to apply to the willful deprivations of constitutional rights

---

[2] Defendant relies solely upon *United States v. Blackburn*, 24 F.Cas. 1158 (1874) and *United States v. Buntin*, 3 Ky.L.Rptr 630 (1882), cases dealing with § 242's predecessor, in support of his interpretation of the requisite elements. **Doc. 30 at 4-6.**

> or privileges, in order to determine whether they are on account of alienage, color or race. *We think that [the statute] authorizes the punishment of two different offenses. The one is willfully subjecting any inhabitant to the deprivation of rights secured by the Constitution; the other is willfully subjecting any inhabitant to different punishments on account of his color or race, than are prescribed for the punishment of citizens. The meager legislative history of the section supports this conclusion.*

*United States v. Classic*, 313 U.S. 299, 326–27, (1941) (emphasis added).

The Court finds that Defendant's arguments relating to purported congressional intent by inserting what he alleges to be a modifying comma in the statute as well as the supposed incorrectness of *Classic* in failing to consider the legislative history of the statute are belied by prodigious case law affirming *Classic's* position. The United States provides substantial, multi-jurisdiction examples affirming that a violation of § 242 may be alleged without including the "on account of alienage, color, or race" language.[3] *United States v. Lanier*, 520 U.S. 259, 264 (1997) ("Section 242 is a Reconstruction Era civil rights statute making it criminal to act (1) "willfully" and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States."); *United States v. Rodella*, 804 F.3d 1317, 1324 (10th Cir. 2015) (providing the same); *United States v. House*, 684 F.3d 1173, 1198 (11th Cir. 2012) (providing the same); *United States v. Gonzales*, 436 F.3d 560, 569–70 (5th Cir. 2006) (abrogated on other grounds) (*cert denied* 127 S. Ct. 157 (Oct. 2, 2006)) (providing the same). Moreover, the Court finds it persuasive that the Tenth Circuit's Criminal Pattern Jury Instructions do not include the "on account of" language in the requisite elements of an offense under § 242. *See* 10th Cir. Crim. Pattern Jury Instructions No. 2.17 (2011). Accordingly, the Court denies Defendant's motion to dismiss.

---

[3] The Court deems it unnecessary to cite all the cases and jurisdictions the government provides affirming this position. *See* Doc. 30 at 4.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment **(Doc. 30)** is **DENIED** for reasons described in this Memorandum Opinion and Order.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE