IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                 1:20-cr-708-KWR

ANTHONY BUNTYN,

    Defendant.

### MEMORANDUM OPINION AND ORDER OVERRULING IN PART THE GOVERNMENT'S OBJECTIONS TO DEFENDANT'S EXPERT NOTICE

THIS MATTER comes before the Court upon the Government's Objections to Defendant's Expert Notice of the testimony of Dr. Alan Mannheimer, filed on July 26, 2021 **(Doc. 120)**. Having reviewed the parties' briefings and considering the applicable law, the Court finds that the Government's objections are not well-taken in part, and, therefore, are **OVERRULED IN PART**.

### BACKGROUND

This matter arises from Defendant's alleged abuse of detainees in his care while working as a private prison transport officer for Prisoner Transportation Services of America (PTS), in violation of 18 U.S.C. § 242 and 18 § U.S.C. 1512(b)(3). The counts of the indictment provide the following:

**Count 1**

On or about March 26, 2017, in Socorro County, in the District of New Mexico, the defendant, ANTHONY BUNTYN, while acting under color of law, willfully deprived detainee W.Y. of the right, secured and protected by the Constitution and laws of the United States, to be free from deprivation of liberty without due process of law, which includes the right to be free from unreasonable force from a prisoner transport officer. Specifically, Defendant ANTHONY BUNTYN repeatedly tased detainee W.Y., without legal justification, while W.Y. was handcuffed. This

offense involved the use of a dangerous weapon and resulted in bodily injury to W.Y.
In violation of 18 U.S.C. § 242.

### Count 2

On or about March 26, 2017, in Socorro County, in the District of New Mexico, and elsewhere, the defendant, ANTHONY BUNTYN, while acting under color of law, willfully deprived detainees, including detainees A.S., W.Y., S.K., and J.P., and other detainees being transported in the PTS van, of the right, secured and protected by the Constitution and laws of the United States, to be free from deprivation of liberty without due process of law, which includes the right to be free from a prison transport officer's deliberate indifference to conditions of confinement that pose a substantial risk of serious harm to detainee health or safety. This offense resulted in bodily injury to detainees A.S., W.Y., S.K., and J.P.
In violation of 18 U.S.C. § 242.

*Id*.

### Count 3

Between on or about March 26, 2017, and March 29, 2017, in the District of New Mexico and elsewhere, the defendant, ANTHONY BUNTYN, did knowingly use intimidation against and threaten another person, and attempted to use intimidation against and threaten another person, with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer of truthful information relating to the commission and possible commission of a federal offense. Specifically, ANTHONY BUNTYN knowingly used intimidation against and threatened, and attempted to use intimidation against and threaten, detainees being transported in the PTS van with retaliation if they reported the conduct described in Counts One and Two, which occurred in the District of New Mexico.
In violation of 18 U.S.C. § 1512(b)(3).

*Id*.

### LEGAL STANDARD

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise if:

>(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>(b) the testimony is based on sufficient facts or data;
>(c) the testimony is the product of reliable principles and methods, and
>(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The touchstone of admissibility under Rule 702 is helpfulness to the trier of fact. *See Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991).

The gatekeeping function involves a two-step analysis. *Milne v. USA Cycling Inc.*, 575 F.3d 1120, 1134 (10th Cir. 2009). First, the Court must determine whether the witness may be qualified as an expert. To qualify as an expert, the witness must possess such "knowledge, skill, experience, training, or education" in the particular field so that it appears that his or her opinion rests on a substantial foundation and tends to aid the trier of fact in its search for the truth. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004). "Rule 702 thus dictates a common-sense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject." *United States v. McDonald*, 933 F.2d 1519, 1522 (10th Cir. 1991). "Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable...." *Milne v. USA Cycling Inc.*, 575 F.3d at 1134 (10th Cir. 2009).

## DISCUSSION

On July 20, 2021, Defendant filed his notice of expert testimony of Dr. Mannheimer. **Doc. 115**. In the notice, Defendant provides that "Dr. Mannheimer can be expected to testify to his review of the relevant medical records and offer his expert opinion on whether the individual detainees suffered "injury" during the transport as alleged by the United States." **Id. at 1.** Defendant offers Dr. Mannheimer as "a rebuttal witness to [the Government's witness] Nurse Johnson." *Id*. at 2

The Government objects to the timeliness of Defendant's notice of expert testimony and to Dr. Mannheimer's proposed testimony relating to whether the detainees suffered "bodily injury"

as offering impermissible legal conclusions. **Doc. 120 at 2-3.** The Government does not dispute Dr. Mannheimer's qualifications as an expert. *Id*.

### A. Timeliness.

In its Third Scheduling Order (**Doc. 37)** the Court set the deadline for disclosure of expert witnesses to January 15, 2021. Thus, Defendant's disclosure is over six months late, which Defendant acknowledges. The question before the Court is whether and what the appropriate sanction may be. The standard is as follows:

> In selecting a proper sanction, the district court should consider "(1) the reasons the government delayed producing requested materials, including whether the government acted in bad faith; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility of curing any prejudice with a continuance." *Gonzales,* 164 F.3d at 1292 (citing *United States v. Russell,* 109 F.3d 1503, 1511 (10th Cir.1997)). In the absence of a finding of bad faith, the court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order. *See id.* (citing *United States v. Ivy,* 83 F.3d 1266, 1280 (10th Cir.1996)); *United States v. Wicker,* 848 F.2d 1059, 1060 (10th Cir.1988). The preferred sanction is a continuance. *Gonzales,* 164 F.3d at 1292. It would be a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings.

*United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002); *United States v. Charley*, 189 F.3d 1251, 1261–62 (10th Cir. 1999).

The Tenth Circuit has noted that, "Frequently it will be found that the party who requested disclosure has not been prejudiced and that no sanction is needed. We note that the sanction requested by Defendant—exclusion of the witnesses' expert testimony—is almost never imposed in the absence of a constitutional violation or statutory authority for such exclusion." *United States v. Charley*, 189 F.3d at 1262 (internal citations and quotations omitted). Here, although the Court does not condone the untimeliness of Defendant's disclosure, it concludes that no sanction is necessary. The Government has not met its burden to demonstrate prejudice such that Dr. Mannheimer's testimony would warrant exclusion. *United States v. McCluskey*, 954 F. Supp. 2d 1224, 1232 (D.N.M. 2013). ("It is not necessary for the Court to consider this issue further other

than to observe that it is [the Government's] burden to "demonstrate" prejudice—either from the timing or the adequacy of the [Defendant's] disclosure. Summarily asserting prejudice does not satisfy [the] burden to demonstrate prejudice." (internal citations omitted).

### B. Impermissible Legal Conclusions.

The Government does not object to Dr. Mannheimer's qualifications to offer testimony to the extent it relates to relevant expert opinion testimony, but objects to him opining on whether detainees suffered a "bodily injury" as an impermissible legal conclusion. **Doc. 120 at 2.** Defendant's Response argues that Dr. Mannheimer's testimony is relevant and will be "offered to aid the jury in its determination on an element at issue – whether the detainees suffered bodily injury." **Doc. 134 at 5.** Specifically, Defendant asserts that "Dr. Mannheimer's testimony on what he sees in the images and medical reports, and his own diagnoses based on the materials, will merely explain to the jury how to apply the facts of the case to the law as instructed by the Court." *Id.*

Expert witnesses may testify about ultimate issues of fact, but an expert may not state legal conclusions drawn by applying the law to the facts. *United States v. Richter*, 796 F.3d 1173, 1195 (10th Cir. 2015). Although an expert may not give an impermissible legal conclusion, an expert may give testimony that embraces an ultimate issue so long as the expert's testimony assists, rather than supplants, the jury's judgment. *Id.* (quoting *United States v. Dazey*, 403 F.3d 1147, 1171-72 (10th Cir. 2005)); *United States v. Schneider*, 704 F.3d 1287, 1293 (10th Cir. 2013) (stating that Rule 704(a) allows expert opinion on an ultimate issue so long as he explains basis for any summary opinion and does not simply tell the jury what result to reach). "Permissible testimony provides the jury with the tools to evaluate an expert's ultimate conclusion and focuses on questions of fact that are amenable to the scientific, technical, or other specialized knowledge within the expert's field." *Richter*, 796 F.3d at 1195.

Here, there is no dispute as to the relevance of Dr. Mannheimer's testimony. There is no objection as to his qualifications. Having determined that there is little to no prejudice to the Government despite the untimeliness of the disclosure, the Court will permit Dr. Mannheimer's testimony, with the caveat that the Court will not permit the witness to offer impermissible legal conclusions. *United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008) ("Rule 704(a) of the Federal Rules of Evidence allows an expert witness to testify in the form of an opinion or inference even if that opinion or inference embraces an ultimate issue to be determined by the trier of fact. An expert may not state legal conclusions drawn by applying the law to the facts, but [a]n expert may ... refer to the law in expressing his or her opinion." (internal citation and quotation omitted). Accordingly, Dr. Mannheimer will be permitted to testify as to his opinion on whether the detainees sustained injuries, but will be precluded from offering impermissible legal conclusions such as whether the detainees suffered "bodily injuries" within the meaning of the statute.

## CONCLUSION

Therefore, the Court OVERRULES IN PART the Government's objections to Defendant's notice of expert testimony as to timeliness. Defendant is precluded from offering testimony in the form of impermissible legal conclusions.

**IT IS THEREFORE ORDERED** that the Government's Objections to Defendant's Expert Notice **(Doc. 120)** are **OVERRULED IN PART**.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE