IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                                         No. 1:20-cr-00708-KWR-1

ANTHONY BUNTYN,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR TRAVEL FUNDS

**THIS MATTER** comes before the Court upon Defendant Anthony Buntyn's Motion for Travel Funds (**Doc. 234**). Defendant requests the Court order (1) travel and subsistence funds from Tennessee to Albuquerque to attend trial, and (2) lodging and subsistence funds during trial, through the Criminal Justice Act. For the reasons stated below, the Court will **GRANT IN PART** and **DENY IN PART** Mr. Buntyn's motion.

Mr. Buntyn requests travel and subsistence funds from the United States Marshall for his travel to Albuquerque, pursuant to 18 U.S.C. § 4285. Section 4285 provides that when an indigent defendant is released pending a court appearance, a judge "may, when the interests of justice would be served thereby" direct the United States Marshal to arrange for or pay for transportation "to the place where his appearance is required" and "furnish [defendant] with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code." 18 U.S.C. § 4285; *United States v. Schooff,* 872 F.2d 431 (9th Cir.1989). "However, section 4285 allows only limited payments of travel expenses to indigent defendants. It allows only payment of one-way travel to a

court appearance, and not for costs of return travel." *United States v. Birdhorse,* 2007 WL 2358634, * 2 (D.N.D.2007) (citing *e.g., United States v. James,* 762 F.Supp. 1 (D.D.C.1991); *United States v. Badalamenti,* 1986 WL 8309 (S.D.N.Y.1986). "[The statute] does not authorize payment for subsistence during the period of the hearing, *United States v. Sandoval,* 812 F.Supp. 1156, 1157 (D.Kan.1993), or for defendant's return home after the proceeding." *United States v. Vaughan,* 2002 WL 1067456, * 1 (D.Kan.2002).

The Court will direct the United States Marshall to provide Mr. Buntyn with travel and subsistence funds for his travel from Lakeland, Tennessee to Albuquerque, New Mexico in the amounts authorized by law.  *See* 18 U.S.C. § 4285, citing 5 U.S.C. § 5702(a).  Plaintiff requests payment for one night in a hotel room, but Mr. Buntyn has not provided a source that this is authorized under the statute. The statute limits the subsistence amount to the *per diem* allowance authorized under law.  18 U.S.C. § 4285 ("not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code.").  Moreover, the record is not clear that lodging is necessary for his travel.

Mr. Buntyn also requests that the Court provide him with lodging and subsistence funds during the trial, through Criminal Justice Act.  The Criminal Justice Act, 18 U.S.C § 3006A(e)(1), provides that "[c]ounsel for a person who is financially unable to obtain investigative, expert, *or other services necessary for adequate representation* may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1) (emphasis added). Mr. Buntyn says that "other services necessary for adequate representation" may include lodging and subsistence during trial.  However, that is an incredibly broad reading, and the language of § 3006A does not identify lodging or food as a service necessary for adequate representation.  The Court agrees with those courts which have denied using CJA funds for lodging and subsistence during trial.  *see, e.g., United States v. Stone*,

No. 10-20123, 2012 WL 345267, at *2 (E.D. Mich. Feb. 1, 2012) (denying use of CJA funds for lodging and subsistence); *United States v. Ibarra*, No. 13-CR-3170-GPC, 2014 WL 4352063, at *2 (S.D. Cal. Sept. 2, 2014) (same); *United States v. Dyer*, No. 15-CR-115-JPS, 2016 WL 7027177, at *2 (E.D. Wis. Dec. 1, 2016) (same).  The Court finds that the statutory text does not authorize such funds, or alternatively if it does, the Court exercises its discretion and declines to award such funds through the CJA.

Mr. Buntyn summarily suggests that providing no lodging or subsistence during trial would violate his constitutional rights. The Tenth Circuit has concluded that Pretrial Services is authorized to provide lodging and subsistence during trial through a stay at a facility such as a halfway house. *United States v. Gundersen*, 978 F.2d 580, 584–85 (10th Cir. 1992) (stay at halfway house satisfied constitutional concerns), citing 18 U.S.C. § 3154(4), (7).  Although Mr. Buntyn opposes staying at a halfway house, he may not dictate the form in which Pretrial Services provides lodging and food.

Therefore, Pretrial Services may provide lodging and subsistence to Mr. Buntyn in a form available to it.  Pretrial Services may provide these services by allowing Mr. Buntyn to stay at a facility, including a halfway house.  As indicated by the Tenth Circuit, restrictions should "not [be] unduly onerous and permit [defendant] sufficient contact with counsel and sufficient release time to prepare reasonably their defense." *United States v. Gundersen*, 978 F.2d 580, 584 (10th Cir. 1992) ("the restrictions imposed upon defendants accepting the food and shelter at a halfway house, for example, may be no more onerous than are required to protect institutional concerns for order and the welfare of all the inhabitants.").  If Mr. Buntyn desires to utilize these services, he should contact Pretrial Services.

**IT IS THEREFORE ORDERED** that Mr. Buntyn's Motion for Travel Funds, is **GRANTED IN PART**. The United States Marshal for the District of New Mexico shall furnish Mr. Buntyn with travel and subsistence funds, not to exceed the amount authorized by law, from Lakeland, Tennessee to Albuquerque, New Mexico, to attend his trial.

**IT IS FURTHER ORDERED** Pretrial Services may provide lodging and subsistence to Mr. Buntyn in a form available to it, including a stay at a facility such as a halfway house. If Mr. Buntyn chooses to utilize these services, defense counsel shall be responsible for contacting Pretrial Services to coordinate these services.

**IT IS SO ORDERED.**

**KEA W. RIGGS**  
**UNITED STATES DISTRICT JUDGE**