IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                                 Case No. 1:20-CR-708 KWR

ANTHONY BUNTYN,

    Defendant.

## SUPPLEMENTAL ORDER ON MOTION IN LIMINE

THIS MATTER is before the Court on the Government's motion in limine to exclude information in Defendant's recent discovery production **(Doc. 237)**. The Court held a pretrial conference on September 13, 2022. The Court granted the motion on the record, and issued a written order memorializing certain rulings. **Doc. 246.** The Court makes supplemental rulings below.

At the pretrial conference, the Court granted the Government's motion in limine. *See* **doc. 245 at 2.** In the motion in limine, the Government in part sought to exclude social media posts by its expert Mr. Tolleson as irrelevant and unfairly prejudicial under Fed. R. Civ. P. 403. Defendant did not expressly oppose excluding that evidence. **Doc. 240.**

Based on the record before the Court, the Court finds that the social media posts are not relevant, and even if they were, any probative value is substantially outweighed by the risk of unfair prejudice. FRE 403. Specifically, the social media posts are likely to inflame the jury or lead them to make a decision based on an improper basis, such as an emotional one. The record

does not reflect how social media posts are relevant at all.  *See* **Doc. 240.**  Therefore, the Court excludes Mr. Tolleson's social media posts.

The Government also moved to "preclude the defendant from introducing irrelevant information contained in legal documents addressing unrelated matters and arising out of other jurisdictions."  **Doc. 237 at 8.**  This included a summary judgment order in a civil suit brought against Prison Transport Services, Defendant's employer, in an unrelated case, and a criminal complaint for resisting or obstructing a police officer in an unrelated case.  **Doc. 237 at 8.**  Neither of these cases appear to involve Defendant or any of the victims in this case.  Defendant did not expressly object to the Government's request.  **Doc. 240.**

The Government suggests that this evidence from other cases has little relevance, and alternatively, any probative value is substantially outweighed by the risk of unfair prejudice, or confusing or misleading the jury. It argues that the evidence would confuse or mislead the jury into believing that the fact that PTS is being sued in a separate civil case for alleged constitutional violations, concerning different officers, should factor into whether the Defendant committed constitutional violations.  Moreover, the jury could infer that Defendant is less responsible for his actions given that his employer and other officers also may have committed constitutional violations in other cases.  **Doc. 237 at 8-9.**  The Court agrees with the Government's arguments and concludes that the legal documents from other cases have no relevance to this case, and alternatively, any probative value is substantially outweighed by the risk of unfair prejudice or confusing or misleading the jury.

The Court notes that the Government's objections in its Supplemental Briefing Regarding Defendant's Out of Court Statements contained in Proposed Defense Exhibits **(doc. 178)** were addressed by the Court in a previous order.  *See* **Doc. 246**.  In this supplemental briefing (Doc.

178), the Government seeks to exclude certain narrative statements by Defendant in an activity log on pages Bates numbered 3202 and 3204. **Doc. 178-1 at 7, 9.** In the Court's prior order, the Court excluded these Bates numbered pages 3202 and 3204, concluding they were inadmissible hearsay. **Doc. 246 at 2.** The Court supplements its ruling as follows.

Defendant appears to assert these narrative statements in Bates numbered pages 3202 and 3204 are not hearsay or are otherwise admissible, as they are (1) admissible for context or state of mind, and are not for the truth of the matter asserted; (2) admissible as present-sense impressions under Rule 803(1); (3) admissible as then-existing mental, emotional, or physical conditions under Rule 803(3); (4) admissible as a record of regularly conducted activity under Rule 803(6). The Court finds that these arguments are not well taken

Initially, the statements do not appear to merely provide context or state of mind, but would likely be offered for the truth of the matter asserted. The statements at issue are Defendant's narrative account of the events that occurred. The statements describe past events: "Agent Buntyn… [has] dealt with the inmates to the best of [his] abilities. Agent Buntyn has told trip managers on several occasion[s] of the problems that are taken [sic] place." **Doc. 178 at 4.** It appears that Defendant would offer these statements for the truth of the matter asserted. Moreover, neither of Defendant's cited cases support his argument that the statements are not hearsay, and it is not necessary to admit the statements to provide context to another person's statements. *See United States v. Russel,* 2018 WL 1997288 (D.N.M. 2018) (agent's statements admitted to provide context to Defendant's statements, which were admitted as party-opponent statements); *United States v. Gajo*, 290 F.3d 922, 930 (7th Cir. 2002) (statements admitted as co-conspirator statements).

Defendant argues that the statements are admissible as present-sense impressions under FRE 803(1). The Court disagrees. Defendant has not shown that the statements were made substantially contemporaneously with the event in question. *See United States v. Irvin*, 682 F.3d 1254, 1262 (10th Cir. 2012) (noting that "The proponent of hearsay evidence bears the burden of establishing the applicability of a hearsay exception").

Moreover, the statements are not admissible as then-existing mental, emotional, or physical conditions. FRE 803(3). As noted above, Defendant has not shown the statements were made contemporaneously to the incident. Moreover, the statements do not describe Defendant's state of mind, but instead attempt to provide justifications for his actions.

Finally, the statements are not admissible as records of a regularly conducted activity under Rule 803(6). As noted above, the record does reflect that the statements were made contemporaneously to the events described. FRE 803(6)(A). *See United States v. Ary*, 518 F.3d 775, 786 (10th Cir. 2008) ("The proponent of the [purported business records] document must also lay this foundation for its admission." (citing *United States v. Samaniego*, 187 F.3d 1222, 1224 (10th Cir. 1999))). Moreover, the circumstances surrounding the preparation of statements indicate a lack of trustworthiness, i.e., a post-hoc attempt to justify his actions.

The Government also requests that the Court preclude Defendant from entering into evidence his statements to the FBI. The Court reserves ruling on whether Defendant's statements to the FBI are admissible. The Court cannot tell, in the abstract, whether or not those statements would be hearsay, or whether an exception to the hearsay rules would apply. *See* **doc. 178 at 9.**

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE