IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

vs.                                                              Case No. 1:20-CR-708 KWR

ANTHONY BUNTYN,

      Defendant.

## ORDER REGARDING OBJECTIONS TO SECOND PROPOSED JURY INSTRUCTIONS

THIS MATTER is before the Court following objections to the Court's second proposed jury instructions. Attached are the Court's third proposed jury instructions, which the Court proposes after considering the parties' objections to the second court proposed instructions. *See* **Doc. 223 (Court's Second proposed instructions); Doc. 233 (Government's objections); Doc. 235 (Defendant's objections).**

In the second proposed jury instructions, the Court instructed the parties "to read the attached instructions, comments, and annotations. The parties are also directed to file objections or modifications to the Court proposed jury instructions." **Doc. 223 at 1.** As to the third element of Count Three, the Court directed the parties to "specify whether the Government must at least show that Defendant contemplated it was reasonably likely the offense would be federal." **Doc. 223 at 45.** The Court struck the following language proposed by the Government: "Moreover, the government does not need to prove that the defendant knew that an offense, or possible offense, was federal in nature." **Doc. 223 at 45.** Based on *United States v. Sutton*, 30 F.4th 981 (10th Cir. 2022)*,* Defendant suggested that the Court add the following language: "that

the defendant contemplated that any legal proceeding would be reasonably likely to be federal."
**Doc. 212 at 4.**

The Government filed objections, and requests that the Court reinsert their proposed language that "the government does not need to prove that the defendant knew that any offense, or possible offense, was federal in nature." **Doc. 223 at 45** (striking government's proposed language); **doc. 233** (government's objections).

In Count III Defendant is charged with violation of 18 U.S.C. § 1512(b)(3), knowingly using intimidation or threats to hinder, delay, or prevent the communication to a federal law enforcement officer of information relating to the commission of a federal offense.

The parties agree on the follow elements:

| | | |
|---|---|---|
| First: | | That the defendant knowingly used, or attempted to use, intimidation or threats against another person, in this case, against one or more of the detainees whom he was transporting; |
| Second: | | That the defendant acted with the intent to hinder, delay, or prevent the communication of information to a federal law enforcement officer; and |
| Third: | | That the information related to the commission or the possible commission of a federal offense. |

**Doc. 223 at 39.**

The United States Supreme Court in *Fowler v. United States*, 563 U.S. 668, 131 S.Ct. 2045, 179 L.Ed.2d 1099 (2011) held that under a different section, § 1512(a)(1)(c), the Government "must show that there was a *reasonable likelihood* that a relevant communication would have been made to a federal officer." *Fowler*, 563 U.S. at 670. *United States v. Chafin*, 808 F.3d 1263 (2015) (applying *Fowler's* reasonable likelihood test to 1512(b)(3). The Tenth Circuit explained *Fowler* as follows:

> The *Fowler* Court addressed the combination of these provisions, concluding that when the defendant had no particular federal law–enforcement officer in mind, the intent requirement is satisfied if
> • the defendant generally contemplated the involvement of law enforcement and

> • it was reasonably likely that if the person had communicated with law–enforcement officers, "at least one relevant communication would have been made to a federal" (rather than state) officer.

*United States v. Sutton*, 30 F.4th 981, 986 (10th Cir. 2022) (internal citations omitted).

The Court has already incorporated *Fowler's* requirement under the second element. *See* Doc. 223 at 43 ("This means the government must prove that the defendant intended to interfere with the communication of information to another person, and that there is a reasonable likelihood that… the information would have been transferred to a federal law enforcement officer." ).

Recently, the Tenth Circuit issued a new opinion addressing the intent element under a different subsection, 18 U. S. C. § 1512(b)(1). *United States v. Sutton*, 30 F.4th 981, 983 (10th Cir. 2022). Based on the *Sutton* case, Defendant states the Court should add the following language: "that the defendant contemplated that any legal proceeding would be reasonably likely to be federal." **Doc. 212 at 4.**

*Sutton* involved a case under § 1512 (b)(1). Under (b)(1), a person may not "influence, delay, or prevent the testimony of any person in an official proceeding." *Sutton* held that the Government must prove that the defendant contemplated it was reasonably likely for the proceeding to be federal. Here, Defendant is charged here under (b)(3), in which a person may not "hinder, delay, or prevent the communication to a law enforcement officer." The statute under (b)(3) does not require that an official proceeding be contemplated. Therefore, Defendant's proposed language is not on point, as an offense under (b)(3) does not involve an official proceeding.

At issue is whether the Court must incorporate in the third element, as Defendant suggests, a requirement "that the defendant contemplated that any legal proceeding would be reasonably likely to be federal." **Doc. 212 at 4.** The Court does not think so. As argued by the Government,

the requisite intent or state of mind element – that Defendant knew it was reasonably likely the information could be transferred to a federal officer– is already present in the instructions. **Doc. 223 at 45.** Nothing in *Sutton* or *Fowler* suggests that the Government *also* must prove a state of mind as to the third element, that Defendant knew any offense was federal in nature.

Therefore, the Court will insert the Government's proposed language:

- Moreover, the government does not need to prove the defendant knew that an offense, or possible offense, was federal in nature. **Doc. 223 at 45.**

And will deny the Defendant's proposed language:

- that the defendant contemplated that any legal proceeding would be reasonably likely to be federal. **Doc. 212 at 4.**

Defendant renewed certain objections for the record, but did not propose any new objections. *See* **doc. 235.** The Court overrules those objections, for the reasons previously stated. *See* **doc. 223.**

The Court made the following changes to the proposed jury instructions:

- Reinserted the stricken language as to the instruction on the third element of Count III on page 45 ("Moreover, the government does not need to prove that the defendant knew that any offense, or possible offense, was federal in nature.")
- On the first line of page 38, inserted "deprived" for "denied"
- On page 18, removed the word "plaintiff."

Otherwise, the attached third proposed jury instructions are the same as the second proposed jury instructions. The attached jury instructions contain the same annotations and notes as in the second proposed jury instructions, for ease of reference. The parties are not required to respond to them at this time as the Court already has the parties' objections.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE