IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                Case No. 1:20-CR-708 KWR

ANTHONY BUNTYN,

    Defendant.

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO RECONSIDER

THIS MATTER is before the Court on Defendant's Motion to Reconsider *Sua Sponte* Ruling Prohibiting Name of Prior Conviction under Rule 609 **(Doc. 249)**. The Court held a pretrial conference on September 13, 2022 at which it made certain oral rulings. It also issued a written order on certain matters. **Doc. 246.** In the prior order, the Court excluded the name or details of the victim's (W.Y.) prior conviction for aggravated assault with intent to rape, but allowed Defendant to identify the fact W.Y. was convicted. *Id.* Having reviewed the parties' pleadings and the relevant law, the transcript of the September 13, 2022 pretrial conference, and the parties' argument, the Court finds that the Defendant's Motion to Reconsider is well-taken in part and, therefore, is **GRANTED IN PART.** The Court will allow Defendant to inquire into the name, nature, and punishment of W.Y.'s aggravated assault conviction, only to the extent Defendant can do so without identifying the offense as a sex offense, or identifying the "intent to rape" portion of the conviction.

Defendant requests the Court reconsider its ruling excluding evidence of the name and nature of W.Y.'s conviction for aggravated assault with intent to rape. In its order, the Court

conducted a Rule 403 balancing test and concluded that the probative value of the name or details of the conviction was substantially outweighed by the risk of unfair prejudice. **Doc. 246 at 1-2.** Therefore, the Court excluded the name or "details" of the conviction. *Id.*

> Under FRE 609(a)(1):
>
> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

Fed. R. Evid. 609(a). Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Defendant cites to *United States v. Howell* to suggest that the Court should admit evidence of a witness' prior conviction. *United States v. Howell*, 285 F.3d 1263 (10th Cir. 2002). However, *Howell* stated that "[a]fter conducting the Rule 403 balancing, the court may determine that evidence of the conviction, or certain aspects of evidence of the conviction, are properly excluded. We simply hold that the court must conduct a Rule 403 balancing before determining what information about a witness's prior felony conviction, including its nature, should be admitted or excluded." *United States v. Howell*, 285 F.3d 1263, 1270 (10th Cir. 2002) (internal citation omitted). As noted above, the Court conducted a Rule 403 balancing test in its written order. **Doc. 246.**

However, at the pretrial conference, the Government agreed to allow Defendant to impeach W.Y. "with a felony conviction for aggravated assault but not to include the intent to rape." **Doc. 251 at 9.**

2

Therefore, the Court will allow Defendant to identify W.Y.'s conviction as "Aggravated Assault." However, the Court conducts a Rule 403 balancing test and will exclude evidence related to the intent to rape. The Court finds that any probative value of identifying the "intent to rape" portion of the conviction will be substantially outweighed by the risk of unfair prejudice. Specifically, the unfair prejudice stems from the fact that the sex offense portion of the prior conviction will likely lead the jury to reach a decision wholly apart from a permissible basis, such as W.Y.'s credibility or Defendant's guilt. For example, the jury would likely have an emotional response, or believe that W.Y. "deserved" the tasing.

Therefore, Defendant may inquire into the fact of W.Y.'s prior conviction for aggravated assault, the nature of the conviction, and the punishment, but the Court will exclude inquiry into any intent to rape or the nature of the offense as a sex offense.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE